

U. S. DEPARTMENT OF JUSTICE

WILLIAM J. IHLENFELD, II
*United States Attorney*
*Northern District of West Virginia*

| | |
|---|---|
| 1125 Chapline Street | Phone: (304) 234-0100 |
| P.O. Box 591 | Fax:   (304) 234-0111 |
| Wheeling, WV 26003 | |

January 13, 2011

Richard Walker, Esq.
Federal Public Defender's Office
Huntington Bank Building
230 West Pike Street, Suite 360
Clarksburg, WV 26301

In re:  *United States v. Luke Pugh*
        Criminal No. 2:10CR 25

Dear Mr. Walker:

The United States makes the following offer to your client, Luke Pugh (hereinafter referred to as the defendant). To accept this offer, the defendant must return a signed copy of this agreement to the U.S. Attorney's Office, Elkins Branch Office, on or before Friday, February 4, 2011.

All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended. It is agreed between the United States and your client as follows:

**PART A: THE PLEA:**

1.  Defendant will plead guilty to making **False Statements, Representations and Certifications in MSHA Documents**, as charged in Count One of the indictment.

_____        _____
Luke Pugh, Defendant            Date Signed

_____        _____
Richard Walker, Esq.            Date Signed
Counsel for the defendant

2. The maximum penalty to which defendant will be exposed as a result of his plea of guilty is imprisonment for a period of five (5) years, a fine of $10,000.00 and a term of not more than three (3) years of supervised release.

3. The defendant must pay a special mandatory assessment of $100.00 (18 USC 3013) which must be **paid within 40 days** following entry of his guilty plea, by money order or certified check to the "United States District Court".  The Court may require the defendant to pay the costs of his incarceration, supervision, and probation.

4. The defendant authorizes the Financial Litigation Unit in the U. S. Attorney's Office to access his credit reports from any major credit reporting agency, in order to assess his financial condition for sentencing purposes.

**PART B: COOPERATION**

5. The defendant will be completely forthright and truthful with regard to all inquiries made of him and will give signed, sworn statements and grand jury and trial testimony relative thereto.  The defendant will agree to submit to a polygraph examination if requested to do so by the United States Attorney's Office for the Northern District of West Virginia, to be administered by a polygrapher chosen by the United States Attorney's Office.

6. Nothing contained in any statement or any testimony given by the defendant, pursuant to this plea agreement, will be used against him as the basis for any subsequent prosecution.  Any information obtained from the defendant in compliance with this cooperation agreement may be made known to the sentencing Court; however, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining the defendant's applicable guideline range.

7. This agreement does not prevent the defendant from being prosecuted for any violations of other Federal and state laws he may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by him pursuant to this agreement.  In addition, nothing contained in this agreement shall prevent the United States from prosecuting the defendant for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of his cooperation under this agreement.

8. At sentencing, the United States will advise the Court of the defendant's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate.

_____
Luke Pugh, Defendant

_____
Richard Walker, Esq.
Counsel for the defendant

Date Signed

2-22-11
Date Signed

2

9.  If the Court accepts the defendant's gulty plea to as set forth in paragraph 1, above, then no later than sentencing the United States will move to dismiss the remaining counts in the Indictment.

## PART C: SENTENCING RECOMMENDATIONS

10.  There have been no representations whatsoever by any agent or employee of the United States, or any other law enforcement agency, or the defendant's counsel, as to what the final disposition in this matter should and will be. This agreement includes **nonbinding** recommendations by the United States. The Court is not bound by these sentence recommendations, and the defendant has no right to withdraw his guilty plea if the Court does not follow the sentencing recommendations set forth in this plea agreement.

11.  If the defendant pays the $100.00 special assessment fee **within 40 days following the entry of his guilty plea**, and if the defendant does not engage in obstructive conduct defined under the Application Notes of Guideline 3C1.1, then the United States will make the following **nonbinding** recommendations:

   A.  If, in the opinion of the United States Attorney's Office, the defendant accepts responsibility and if the U.S. Probation Office recommends a two-level reduction for "acceptance of responsibility," as provided by Guideline 3E1.1, then the United States will concur in and make such recommendation;

   B.  If the defendant gives timely and complete information about his own criminal involvement, then the United States will recommend an additional one level reduction for his "timely" acceptance of responsibility, provided the requirements are met under Guideline 3E1.1(b);

   C.  The United States will recommend that any sentence of incarceration imposed should be at the lower end of the applicable guideline range.

## PART D: STIPULATIONS

12.  Pursuant to Guideline 6B1.4 and 1B1.3, the parties stipulate and agree that the charges contained in the indictment are true. That is, on three hundred and eighty seven (387) occasions from June 18, 2007, to April 28, 2009, the defendant did knowingly and falsely state represent and certify in a report filed and required to be maintained pursuant to Chapter 22 of Title 30 of the United States Code, that he was certified by the West Virginia Office of Miners' Health, Safety and Education to conduct Preshift and/or Onshift safety examinations, when in

_____    _Feb 17, 2011_____
Luke Pugh, Defendant                 Date Signed

_____    _2-22-11_____
Richard Walker, Esq.                 Date Signed
Counsel for the defendant

3

fact he knew that he was not and has never been so certified. ~~In addition, the parties stipulate that 2B1.1(b)(13)(A) applies because the offense involved the conscious or reckless risk of death or serious bodily injury.~~ KJC

    13.    The Court is not bound by the above stipulation and the Court is not required to accept it. If the Court does not accept this stipulation, the defendant will not have the right to withdraw his guilty plea.

## PART E: WAIVER OF APPELLATE RIGHTS:

    14.    The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, and in exchange for the concessions made by the United States in this plea agreement, the defendant knowingly and voluntarily waives the right to appeal any sentence which is consistent with a base offense level fourteen (14), or lower, or in the manner in which that sentence was determined on any ground whatever, including those grounds set forth in Title 18, United States Code, Section 3742. The defendant also waives the right to challenge the sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (habeas corpus). The United States does not waive its right to appeal the sentence; however, in the event that there would be an appeal by the United States, the defendant's waiver contained in this paragraph will be voided provided the defendant complies with the Federal Rules of Appellate Procedure.

## PART F: CONCLUSION:

    15.    The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32(c)(1), not order a presentence investigation, relevant information including defendant's background, criminal record, offense charged in the indictment and other pertinent data appearing at Rule 32(c)(2) of the Federal Rules of Criminal Procedure as will enable the Court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence report to be prepared by the Probation Office of this Court, and to respond to any written or oral statements made by the Court, by defendant or his counsel.

    16.    If the defendant's plea is not accepted by the Court or is later set aside, or if the defendant breaches any part of this agreement, then the United States Attorney will have the right to not make the sentencing recommendations, to void this entire agreement, or to void any one or more provisions of this agreement.

_____       _Feb 17, 2011_
Luke Pugh, Defendant      Date Signed

_____       _2-22-11_
Richard Walker, Esq.       Date Signed
Counsel for the defendant

4

17.  This written agreement constitutes the entire agreement between the defendant and the United States of America in this matter.  There are no agreements, understandings or promises between the parties other than those contained in this agreement.

Very truly yours,

WILLIAM J. IHLENFELD, II
UNITED STATES ATTORNEY

By: _____
Stephen D. Warner
Assistant United States Attorney

As evidenced by my signature at the bottom of every page of this agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

_____    _____
Luke Pugh, Defendant              Date Signed

_____    2-22-11
Richard Walker, Esq.              Date Signed
Counsel for the defendant

5